MR. ANTHONY HAWKS
#30149-037
USP CANAAN; P.O. BOX 300/F2
WAYMART, PA 18472

JUNE 3, 2008

HONORABLE FREDERICK N. SMALKIN
UNITED STATES DISTRICT COURT JUDGE
310 UNITED STATES COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201



JUN 09 2008

RE:   ANTHONY HAWKS V. UNITED STATES OF AMERICA
      CRIMINAL NO. S-94-0206

Dear Judge Smalkin:

I am writing you to inquire anout my eligibility for the reduction of my sentence in reference to the 'New Crack Law' sentencing under 18 U.S.C. §3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

In presenting my arguement, I wish to make you aware of a new MEMORANDUM that was sent to All Defenders, CJA Panelists from a Sentencing Resource Counsel dated January 2, 2008, in reference to the most recent crack ammendment.

The issue that I would like to present is: "because a 'mandatory system is no longer an open choice', district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under §3582(c)(2)") (citing Booker v. United States, 543 U.S. 220, 263 (2005)); United States v. Jones, 2007 WL 2703122 (D. Kan. Sept. 2007); United States v. Forty Estremera, 498 F. Supp. 2d 468, 471-72 (D.P.R. 2007). The court is thus free to reject the Commission's "advice" about when to act on a §3582(c)(2) motion if the court finds that earlier action is appropriate under §3553(a).

Further, the Sentencing Resource Counsel went on to state that treating ammended §§ 1B1.10 and 2D1.1 as mandatory violates Booker and Kimbrough. It reasoned that, even if the crack ammendment did resolve the § 3553(a) problems with the crack guideline (which it clearly did not), revised § 1B1.10 would still violate Booker insofar as it renders any part of the guidelines mandatory.

Booker made clear that the guidelines cannot be applied as mandatory in some circumstances and not others. The Court rejected the government's suggestion that it "render the Guidelines as advisory in any case in which the Constitution prohibits judicial factfinding" but "to leave them as binding in all other cases. For one thing, the Government's proposal would impose mandatory Guidelines-type limits uopn a judge's ability to reduce sentences, but it would not impose those limits upon a judge's ability to increase sentences.

We do not believe that such one-way levers are compatible with Congress' intent. Again, in Kimbrough, the Court rejected the government's arguement that 2D1.1 and, more specifically, the crack guideline, can be interpreted in any way that renders it effectively mandatory: "Under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only.

    I ask this Honorable Court appoint me a Public Defender to further investigate whether these new sentencing guidlines should apply to me. I thank you in advance for your consideration in this matter.

Sincerely,

#30149637

Mr. A. Hawks